■ Simpson & Co., Respondent, v Simpson Florist, Inc., et al., Appellants. [722 NYS2d 509] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered June 26, 2000, which denied defendants' motion to vacate a prior order of the same court and justice, entered April 27, 2000, which upon the failure of defendants to appear at a scheduled court conference, struck defendants' answer and granted plaintiff a preliminary injunction barring defendants, *inter alia*, from using the name Simpson in their business or any other trade name that would be confusingly similar to the plaintiff's name, unanimously reversed, on the law, with costs, defendants' motion granted, the order entered April 27, 2000 vacated, and the matter remanded for further proceedings.

Given that the IAS court did not question defense counsel's excuse for failing to appear at the scheduled conference (he never received any written or telephone notice of the conference because the court used an outdated address and telephone number for his office), it was an improvident exercise of the court's discretion to refuse to vacate the preliminary injunction entered upon defendants' default.

We also note that defendants also advanced a meritorious position. They were not required to agree, as a condition to any vacatur, to the court's proposal that any use by them of the name Simpson in their trade name would be limited to Berson & Simpson rather than Simpson Florist, Inc. Plaintiff Simpson & Co. was admittedly not in existence at the time or a party to the December 17, 1997 stipulation in which defendant Berson only agreed not to use the trade names Simpson & Co. or Simpson & Co. Florist West. Moreover, defendants' use of the trade name Simpson Florist, Inc. predated plaintiff's use of the trade name Simpson & Co.

Thus, plaintiff has demonstrated little or no likelihood of success on its cause of action for breach of the stipulation or its purported cause of action for trade name infringement, a necessary prerequisite to the granting of a preliminary injunction. Concur—Nardelli, J. P., Williams, Andrias, Wallach and Lerner, JJ.